## In re GLORIA MANUFACTURING CORPORATION, Debtor.

### Bankruptcy No. 81–00596–NN.

United States Bankruptcy Court,
E. D. Virginia,
Newport News Division.

June 7, 1982.

Richard W. Hudgins, Hudgins & Neale, Newport News, Va., pro se.

## ORDER DENYING ATTORNEY INTERIM COMPENSATION

HAL J. BONNEY, Jr., Bankruptcy Judge.

Richard W. Hudgins, Esquire, seeks interim compensation for his services as attorney for the Chapter 11 debtor, Gloria Manufacturing Corporation. Such a request is most inappropriate, under the circumstances, at this time.

The debtor is a clothing manufacturer in the City of Newport News, Virginia, who on December 4, 1981, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

By order of December 18th Mr. Hudgins was duly appointed attorney for the debtor and on May 7, 1982, he filed an application for interim compensation in the sum of $4,191.25 and for reimbursement of $10.00 for costs incurred. A hearing was conducted on May 28th.

■ Any award of interim compensation is denied, in the discretion of the Court, for the following reasons:

1. But less than five [5] months had passed before the attorney sought compensation. By the very nature of their profession attorneys understand that in most instances payment for services lies down the road. This is particularly true with bankruptcy cases where it is not unusual for years to ensue. The bankruptcy debtor-client is always stricken and hard-pressed. Those who practice bankruptcy law well know the uncertainty of payment if one represents a debtor.

2. This particular client, the debtor, is particularly desperate for cash. Two huge crises loom.

(a) A large number of hourly factory wage earners, employees of the debtor, have not been paid what is due them. While tardy wage payments were the rule, the fact many are owed a week's wages is haunting. Indeed, not a hearing has been conducted but that some of these people have been in the courtroom looking for their money. Too, these are ordinary working people who need their money and are actually suffering as a result.

(b) The debtor is behind in employee health insurance coverage to the extent coverage has been cancelled.

3. The attorney received $2,000.00 of the $4,191.25 sought just prior to the filing of the Chapter 11 petition. So, he is certainly not without some retainer.

He argues that the Court approved an application for compensation of the accountant. The inference is that this justifies the instant matter. At the hearing on the accountant's application, the Court expressed concern about such an award at that time, but was assured it was necessary and proper.

I think, too, that the nature of an accountant's work is entirely different from that of the attorney. Indeed, he is much like an employee at a certain hourly rate. Not that an attorney's is not, but the accountant's work was *immediately essential* and involved such matters as preparation of employees' W–2 forms and financial reports as well as work on ledgers and journals.

In any event, any error of the Court there does not by any measure justify another indiscretion.

There is no question that the attorney performed the services noted and performed them well, as he always does. He is quite knowledgeable in bankruptcy matters. But to so prematurely seek compensation is, I say again, inappropriate. It doesn't look good, either.

### Dictum

I am not unmindful of 11 U.S.C. 331. Mr. Hudgins' application for compensation was properly proper. He is indeed familiar with the Code and knows that it authorizes the filing of an application for interim compensation "not more than once every 120 days after an order for relief." Clearly, his application was beyond the 120 days period. He is in accordance with the new law.

Of course, the fact that an attorney is authorized by § 331 to file for interim compensation does not mean the Court has to approve it. The legislative history will reflect the reasoning behind this definite change from Act policy.

The Bankruptcy Act made no provision for interim allowance of compensation and courts were hesitant to award it. Too, case law was heavily weighed against it. So were appellate courts. This Court had been reversed for such an award more than a year into a complicated case which eventu-

ally lasted three years. The framers of the Code wanted to overrule such case law and make it clear that it *may* be awarded. Certainly where a case continues for years *and* funds are available, there is no justification for penalizing attorneys who have contributed to its [the case's] development.

For this particular jurisdiction and certainly not for this case alone, I feel the necessity of establishing some basic philosophy on the subject.

(1) The Court welcomes the change the Code wrought. This clears away what was an insurmountable object.

■ (2) Any application for compensation for services rendered or reimbursement for expenses incurred will be considered based upon the circumstances of the particular case. The ability of the entity to pay at a particular time shall be a paramount factor in considering this.

(3) The interests of the creditors may not be ignored. The fact that they must wait to the very end must not be overlooked. In a sense they are the client. Should the attorney be paid ahead rather than simultaneously?

(4) The opportunity for abuse is present. I think this matter of the "right" of any attorney to seek interim compensation must be tempered by the overall situation. Appearances. Higher than the right to be paid is the noblesse of the profession.

(5) Caveat to the brethren. If compensation is piecemealed throughout the pendency of a case, it will be more difficult to apply such criteria for awarding compensation as results obtained. In other words, it is better to look at the whole than at the parts. The new law contains this inherent danger.

*Philosophically, the new law will contribute to the creation of an hourly employee rather than a professional whose compensation is based on many worthy factors.*

### Costs

■ We have said nothing about reimbursement for expenses incurred. Certainly an attorney should not have to wait the

term for reimbursement of funds he has paid out-of-pocket. These should be forthcoming on a regular basis.

They are small here, but may be paid.

A copy of this order shall be forwarded to counsel for the debtor and the United States Trustee.

IT IS SO ORDERED.